U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAY 11 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| William Henry Walker Blake | DOCKET NO. 1:06 CV 0390 |
| | SECTION P |
| VS. | JUDGE DRELL |
| Capt. Malcolm, ET AL. | MAGISTRATE JUDGE KIRK |

### Report and Recommendation

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff, **William Henry Walker Blake** ("Plaintiff"). Plaintiff is currently confined at the Grant Parish Detention Center in Colfax, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on April 24, 2006. [Rec. Doc. 3].

### Facts

Plaintiff asserts he was retaliated against when he tried to pursue a "grievance procedure within his institution" and received inadequate medical treatment in violation of his constitutional rights.

### Screening

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a

prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. See, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly

baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**Retaliation**

To state a claim for retaliation under §§ 1983, a prisoner must demonstrate (1) the invocation of a constitutional right; (2) a defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; and (4) causation; *i.e.*, but for the retaliatory motive, the complained-of incident would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.1997). The prisoner must "produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation

may plausibly be inferred." ' Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995) (quoting Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). Thus, a prisoner must demonstrate more than his "mere personal belief" that he was the victim of retaliation. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999). Furthermore, trial courts should carefully scrutinize claims of disciplinary charges filed in retaliation "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." Woods v. Smith, 60 F.3d at 1166.

Plaintiff has offered no direct evidence to show that the defendants acted with a retaliatory motive. Plaintiff's conclusory allegations, unsupported by fact and implausible should be dismissed as frivolous.

**Grievance Procedure**

An inmate has a First Amendment right to file grievances against prison officials on his own behalf. See Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir.1996). This right is protected, however, only if the underlying claim is not frivolous. See Lewis v. Casey, 518 U.S. 343, 353 n. 3 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.") Furthermore, inmates generally have no constitutional right under the First or Fourteenth Amendments to an effective grievance procedure. It is well settled that inmates

do not have a constitutionally protected right to a grievance procedure. Because Plaintiff has not alleged the deprivation of a substantive right, there is no merit to his claims concerning the alleged loss or failure of defendants to respond to his grievance. See, e.g., Jones v. North Carolina Prisoners Labor Union, 97 S.C.t 2532, 2544 (1977)(Burger, J., concurring)(applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); Adams v. Rice, 40 F.3d 72, 75 (4th cir.1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993)("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."); Flick v. Alba, 932 F.2d 729, 729 (8th Cir.1991)(per curiam)(concluding that federal regulations providing for an administrative remedy procedure in the Bureau of Prisons "do not in and of themselves create a liberty interest in access to that procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (holding that state prisoners have "no legitimate claim of entitlement to a grievance procedure" and therefore no liberty interest protected by due process), cert. denied, 488 U.S. 898 (1988). See Wilcox v.

Johnson, 85 F.3d 630, 1996 WL 253868 at *1 (6th Cir. May 13, 1996)(table, text in Westlaw); Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994); Buckley v. Barrow, 997 F .2d 494, 495 (8th Cir.1993).

The Court finds no merit in Plaintiff's allegations. Thus, the Court finds that Plaintiff's claim based on the denial or loss of his grievance on the grounds that it was a non-grievable disciplinary matter is frivolous.

**Inadequate Medical Care**

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the constitution or the laws of the United States and (2)demonstrate that the alleged deprivation was committed by a person acting under the color of state law. Randolph v. Cervantes 130 F.3d 727 (5th Cir. 1997); Pitrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995). Section 1983 complainants must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

In order to state a section 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321 303, 115 L. Ed. 2d 271 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere

negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving this risk, must deliberately fail to act. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811, (1994).

Furthermore, negligent medical care does not constitute a valid section 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); See also, Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993)(It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322- 23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982).

Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See, Stewart v Murphy, 174 F.3d at 534; Mendoza, 989 F.2d at 195; and Varnado, 920 F.2d at 321.

Plaintiff asserts that the failure of the correctional officers to "give him his pills" at a certain time is enough to meet the aforementioned standards. Consequently, Plaintiff's claim of inadequate medical treatment lacks merit. Plaintiff at most has submitted evidence that he disagreed with his treatment,

but this does not support a claim of deliberate indifference. Therefore, his claims should be dismissed pursuant to 28 U.S.C. §§1915(e)(B)(i)-(iii).

For the above reasons, **IT IS RECOMMENDED** that plaintiff's civil rights complaint under 42 U.S.C. §1983 should be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### Objections

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415

(5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 10th day of May, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE